UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DERRY EVANS,                          )
                                      )
        Movant,                       )
                                      )
    vs.                               )          Case No. 4:03CV636 JCH
                                      )
UNITED STATES OF AMERICA,             )
                                      )
        Respondent.                   )

## MEMORANDUM AND ORDER

This matter is before the Court upon Derry Evans' Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed May 13, 2003. (Doc. No. 1). The

matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, a federal grand jury indicted Movant Derry Evans ("Movant"), along

with fourteen other Defendants, for conspiracy, money laundering, and violations of the Mann Act.

(Government's Response to Petitioner Derry Evans' Motion pursuant to Title 28 U.S.C. § 2255

("Government's Response"), P. 1). In the multiple count Indictment returned on January 6, 2000,

Movant was named in Count 1 (conspiracy relating to interstate transportation of individuals for

purpose of prostitution, in violation of 18 U.S.C. § 371); Count 9 (misuse of social security number,

in violation of 42 U.S.C. § 408(a)(7)(B)); Count 10 (interstate transportation of minor for purpose

of prostitution, in violation of 18 U.S.C. § 2423(a)); Count 11 (money laundering, in violation of 18

U.S.C. § 1956(a)(1)(A)(I)); Count 12 (interstate transportation of minor for purpose of prostitution,

in violation of 18 U.S.C. § 2423(a)); Count 13 (interstate transportation of minor for purpose of

prostitution, in violation of 18 U.S.C. § 2423(a)); Count 14 (inducement of individual to travel in

interstate commerce for purpose of prostitution); Count 44 (money laundering conspiracy, in

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

violation of 18 U.S.C. § 1956(h)); and Count 45 (criminal forfeiture, pursuant to 18 U.S.C. § 982). (§ 2255 Motion, ¶ 3). Movant entered a plea of not guilty as to all charges on January 7, 2000. (Id., ¶ 4).

Movant's case proceeded to trial before this Court on March 6, 2000. (§ 2255 Motion, ¶ 5). On March 28, 2000, after fourteen days of trial, the jury convicted Movant and his co-Defendants on all counts of the Indictment. (Id.). The Government filed a Motion for Upward Departure from Sentencing Guidelines on May 17, 2000, and Movant filed objections to both the Presentence Investigation Report and the Government's Motion for Upward Departure on June 15, 2000. (Id., ¶¶ 6, 7). On June 16, 2000, the Court sentenced Movant to a term of 60 months imprisonment on each of Counts 1, 9, and 14; 120 months on each of Counts 10, 12, and 13; and 240 months on each of Counts 11 and 44. (Id., ¶ 8). The sentences were consecutive to each other, to the extent necessary to produce a total term of 1,020 months imprisonment. (Id.).[1]

On June 26, 2000, Movant's appointed counsel filed a Notice of Appeal with the Eighth Circuit Court of Appeals. (§ 2255 Motion, ¶ 9). The Eighth Circuit affirmed Movant's conviction and sentence on November 27, 2001. United States v. Evans, 272 F.3d 1069 (8th Cir. 2001), cert. denied, 535 U.S. 1072 (2002).

As stated above, Movant filed the instant § 2255 Motion on May 13, 2003. In his motion, Movant presents the following grounds for relief:

(1)     Ineffective Assistance of Counsel–Failure to Consult;

(2)     Ineffective Assistance of Counsel–Failure to Object to Jury Instructions;

(3)     Ineffective Assistance of Counsel–Sentencing Errors;

---

[1] The period of imprisonment was to be followed by a 3 year term of supervised release. (§ 2255 Motion, ¶ 8).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(4)     Constitutionally Defective Sentence; and

(5)     Constitutionally Defective Conviction.

(§ 2255 Motion, PP. 4-12).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## I.  Ineffective Assistance Of Counsel

As stated above, in his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that counsel (1) failed to consult with Movant regarding his defense; (2) failed to object to allegedly incorrect jury instructions; and (3) committed several sentencing errors. (§ 2255 Motion, PP. 4-11).[3] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### A.  Ground 1

In Ground 1 of his § 2255 Motion, Movant maintains he was denied effective assistance of

---

[3] Although Movant did not raise his claims of ineffective assistance of counsel on direct appeal, they are not subject to procedural default, as they could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

counsel in violation of the Sixth Amendment, in that counsel failed to consult with Movant regarding his defense. (§ 2255 Motion, PP. 4-5). Specifically, Movant maintains that during the nine months encompassing the proceedings before this Court, trial counsel consulted with Movant in person only twice, and that, "[a]mong the issues affected by the failure to consult was the defense of the charges relating to the purchase and use of the 1987 Mercury Topaz automobile, [Movant's] lack of action in concert with the other conspirators, his relationship with and background of the prostitute witnesses called to testify against him, and sentencing issues." (Id., ¶¶ 20, 23).

Upon consideration, the Court finds that Movant's first ground for relief fails both prongs of the Strickland test. With respect to the deficiency prong, as noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Government offers by way of response to Movant's claim a copy of the out-of-court hourly work sheets used for CJA billing by counsel, reflecting the amount of time Movant's counsel spent on this case. (Government's Response, P. 5, citing Exh. 1). The records reflect that counsel spent a total of 16.4 hours meeting and/or consulting with Movant prior to Movant's trial, including 11.5 hours spent with Movant in meetings at the Ste. Genevieve County Jail. (Government's Exh. 1). Counsel further held daily meetings with Movant during the lengthy trial of this matter. (Government's Response, P. 5). Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

Further, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. As noted above, Movant offers a list of issues allegedly affected by counsel's failure to consult. (§ 2255 Motion, P. 5). Movant fails to delineate, however, the

- 5 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

manner in which trial strategy with respect to any of those issues would have been affected by further consultation. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, <u>Strickland</u>, 466 U.S. at 694, and so Ground 1 of his § 2255 Motion must be denied

### B. Ground 2

In Ground 2 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to object to several allegedly incorrect jury instructions. (§ 2255 Motion, PP. 6-9). The Court will address each contention in turn.

### 1. Instruction No. 43

In Ground 2, Movant first alleges counsel was ineffective for failing to object to Instruction No. 43. (§ 2255 Motion, PP. 6-7). Specifically, Movant maintains the instruction, a supplemental instruction on money laundering, understated the Government's burden of proof, by informing the jury that it was not necessary for the Government to prove that commerce was actually affected by the alleged money laundering activities. (<u>Id.</u>, ¶ 28).[4]

Movant's appellate counsel raised the issue of the erroneous jury instruction on direct appeal, and the Eighth Circuit denied the claim as follows:

> The District Court gave instruction number 43, a supplemental instruction on money laundering based on Eighth Circuit Model Jury Instruction 6.18.1956J. That instruction omitted the necessity of finding an effect on interstate commerce. After failing to object below, Derry Evans now argues that the District Court committed plain error by giving the model instruction.
>
> On plain-error review, we have discretion to reverse only if there is an error

---

[4] Movant maintains his alleged activity did not affect interstate commerce, as the charge was predicated solely on Movant's purchase of a 1987 Mercury Topaz *in Missouri*, which was used *in Missouri* allegedly for the underlying prostitution activities. (§ 2255 Motion, ¶ 29).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that is obvious and that affects a defendant's substantial rights. *United States v. Campa-Fabela*, 210 F.3d 837, 840 (8th Cir.2000), *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 662 (2001). Even in such circumstances, we should not exercise our discretion to correct forfeited error "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations omitted).

The jury instruction reads as follows:

*It is not necessary for the government to show* that a defendant actually intended or anticipated an effect on interstate commerce, *or that commerce was actually affected*. All that is necessary is that the natural and probable consequences of a defendant's actions would be to affect interstate commerce no matter how minimal.

Brief of Derry Evans at 11a (jury instruction number 43) (emphasis added); Judicial Committee on Model Jury Instructions for the Eighth Circuit, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1956J (2000) (modified).

Derry Evans argues that the instruction erroneously permitted the jury to find him guilty of money laundering even if the transaction at issue--the purchase of an automobile from a used-car dealer in Missouri--arguably did not affect interstate commerce. He cites to *United States v. Aramony*, 88 F.3d 1369, 1387 (4th Cir.1996), *cert. denied*, 520 U.S. 1239, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997), for the proposition that the giving of an instruction that negates the need for the jury to find an essential element of the offense causes structural constitutional error that automatically requires reversal. The government contends that this instruction was not reversible error because, taken as a whole, the instructions made clear that to convict, the jury must find at least a minimal effect on interstate commerce.

The government's position is untenable. The express language of the instruction informed the jury that it was not necessary to find that Derry Evans's transactions affected interstate commerce to convict him of money laundering under 18 U.S.C. § 1956(a). Thus, the instructions were reasonably likely to have understated the government's burden of proof.

There is no doubt that the model instruction is incorrect. An effect on interstate commerce is an essential element of the offense of money laundering. See 18 U.S.C. § 1956(c)(4). The question remains, however, whether an instruction that eliminated the necessity of a jury finding of that element constituted plain error in this case. A jury instruction that omits a single element of the offense can be subject to harmless error review. *Neder v. United States*, 527 U.S. 1, 8-9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (distinguishing cases involving omission of single instruction from cases in which "a criminal trial cannot reliably serve its function as a vehicle for

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair.") (quoting *Rose v. Clark*, 478 U.S. 570, 577-78, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)); see also *United States v. Ben M. Hogan Co.*, 809 F.2d 480, 481 (8th Cir.), *cert. denied*, 484 U.S. 822, 108 S.Ct. 84, 98 L.Ed.2d 46 (1987) (deciding that jury instruction giving conclusive evidentiary presumption of effect on interstate commerce can be harmless error and finding that "because the evidence was so dispositive of the issue of effect on interstate commerce, we can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the conclusive presumption" that interstate commerce was affected).

Other circuits have held that a court's giving erroneous instructions virtually identical to the one given here does not create reversible error. See *United States v. Owens*, 167 F.3d 739, 755 (1st Cir.), *cert. denied*, 528 U.S. 894, 120 S.Ct. 224, 145 L.Ed.2d 188 (1999) (holding that giving of instruction virtually identical to Model Jury Instruction 6.18.1956J was not plain error because substantial evidence supported effect on interstate commerce); *United States v. Allen*, 129 F.3d 1159, 1164 (10th Cir.1997) (holding that when evidence establishing effect on interstate commerce is "overwhelming and essentially uncontroverted" omission of element from jury instruction is not reversible error). *Cf. United States v. Ables*, 167 F.3d 1021, 1030 (6th Cir.), *cert. denied*, 527 U.S. 1027, 119 S.Ct. 2378, 144 L.Ed.2d 781 (1999) (holding that parties' stipulation that designated financial institution "was engaged in activities which affected in some way or degree interstate commerce" sufficed to establish interstate-commerce nexus, despite erroneous jury instruction).

We hold that the error was harmless. Underlying the charge for money laundering was the allegation that Derry Evans used proceeds generated from prostitution to purchase a used car. Derry disputes only that the purchase had any effect on interstate commerce. But--as was discussed previously--the purchase of a car necessarily has an effect on interstate commerce.[5] Therefore, the erroneous jury

---

[5] With respect to whether Movant's purchase of a used car–the 1987 Mercury Topaz–had any effect on interstate commerce, the Eighth Circuit previously held as follows:

> [I]t is clear that the purchase itself had an effect on interstate commerce. To come under the statute, the purchase need only "in any way or degree affect [ ] interstate ... commerce." 18 U.S.C. § 1956(c)(4). Derry bought a car titled in the state of Illinois from a Missouri dealer, and then completed a Missouri application for title. More important, the transaction--the purchase of an automobile from a commercial used car dealer--is sufficient, by itself, to have an effect on interstate commerce. *Cf. Russell v. United States*, 471 U.S. 858, 862, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985) (stating that rental of real estate is unquestionably activity that affects interstate commerce); *United States v. Westbrook*, 119 F.3d 1176, 1192 (5th Cir.1997) (holding that purchase of two cars with proceeds from cocaine sale affects interstate commerce), *cert. denied*, 522 U.S. 1119, 118 S.Ct. 1059, 140 L.Ed.2d 121 (1998).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

instruction was not plain error.

United States v. Evans, 272 F.3d at 1080-82 (footnote omitted).

Upon consideration of the foregoing the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. As noted above, the Eighth Circuit Court of Appeals held that the giving of the erroneous instruction was not only not plain error, it was actually harmless error, in light of the evidence presented at trial. United States v. Evans, 272 F.3d at 1082. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 2(1) of his § 2255 motion must be denied.

### 2. Instruction No. 31

Movant next alleges counsel was ineffective for failing to object to Instruction No. 31. (§ 2255 Motion, PP. 7-8). Specifically, Movant asserts as follows:

34. The District Court also gave the Instruction No. 31, tendered by the government. This instruction provided that the jury could convict [Movant] of Count 14 if it found that he "knowingly persuaded, induced, enticed or *coerced*" [emphasis added] an individual to travel in interstate commerce for the purpose of prostitution.

35. The indictment in the case, however, charged only that [Movant] "persuaded, induced and enticed" individuals to travel in interstate commerce for the purpose of prostitution. Instruction No. 31 thus created a variance between the crime charged in the indictment and the instruction to the jury as to the elements needed to convict [Movant]. This variance was of critical significance in the case because of both the Rule 404(b) evidence of the gang rape of Ms. Madison and the government's emphasis throughout the trial and in closing arguments on the element of coercion.

(§ 2255 Motion, ¶¶ 34, 35).

Movant's appellate counsel raised the issue of the erroneous jury instruction on direct appeal,

---

United States v. Evans, 272 F.3d at 1080.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and the Eighth Circuit Court of Appeals denied the claim as follows:

> Derry Evans was convicted under 18 U.S.C. § 2422(a), which states that whoever knowingly "persuades, induces, entices, or coerces" an individual to travel in interstate commerce to engage in prostitution, violates that section. However, his indictment charged only that he knowingly "persuaded, induced and enticed" an individual to travel in interstate commerce, omitting the reference to coercion. The Court's jury instruction reinstated the coercion element not charged in the indictment, asking whether the defendant "persuaded, induced, enticed, or coerced" an individual to travel in interstate commerce. Derry argues that by submitting evidence on coercion and inserting the coercion element into the instruction, the government and the District Court constructively amended the indictment in violation of the Fifth Amendment. Because Derry failed to object to the instruction, our review is for plain error. There is none. Adding "coerced" to the instruction had no effect on the case other than, perhaps, to raise the government's burden of proof. If the jury found Derry to have violated the statute by coercing his victims to travel in interstate commerce, then he necessarily induced them to do so.

United States v. Evans, 272 F.3d at 1083-84.

Upon consideration of the foregoing the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. While the Eighth Circuit framed its discussion in terms of "plain error," its holding in effect constituted a finding of harmless error; in other words, the appellate court found that, if anything, the erroneous instruction raised the Government's burden of proof, and thus, "[i]f the jury found Derry to have violated the statute by coercing his victims to travel in interstate commerce, then he necessarily induced them to do so." United States v. Evans, 272 F.3d at 1084. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 2(2) of his § 2255 motion must be denied.

**3.     Instruction No. 29, et al.**

Movant next alleges counsel was ineffective for failing to object to Instruction No. 29, et al. (§ 2255 Motion, PP. 8-9). Specifically, Movant asserts as follows:

> 40.     The district court also gave an instruction (e.g., Instruction No. 29), tendered by the government, as to each of Counts 12, 13 and 14 which failed to identify

the alleged victims transported in interstate commerce. Transportation of an individual in interstate commerce is an essential element of each of these counts. This instruction resulted in substantial jury confusion as to who the victims were for the various Mann Act violations alleged in the indictment. This confusion was reflected in a number of questions regarding the various prostitutes and with whom they were associated.

(§ 2255 Motion, ¶ 40).

Upon consideration, the Court finds that with this claim, Movant fails to demonstrate his attorney's performance was deficient, as required by Strickland. As noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Government responds to Movant's claim as follows:

Evans further contends that counsel was ineffective for failing to object to the verdict director instructions because they did not identify the victims by name. None of the [six experienced] trial counsel objected to these instructions. Prior to closing argument, the government proposed to present a summary chart to the jury which would identify the defendant, the count and the victim. This was soundly opposed by all trial counsel and was excluded. This discussion occurred before the court but was never taken down by the court reporter. It is clear that as a matter of trial strategy that the defendants preferred less clarity.

(Government's Response, PP. 6, 7). The Government's account is verified through Affidavits submitted by counsel for three of Movant's co-Defendants, Terrance Roberts, Johnny Lee Evans, and Levorn Evans. (See Case No. 4:03CV786 JCH, Doc. No. 10, Exh. A ¶ 8; Case No. 4:03CV845 JCH, Doc. No. 10, Exh. A ¶ 8; Case No. 4:03CV854 JCH, Doc. No. 10, Exh. A ¶ 7).[6] Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient. Ground 2(3) is denied.

_____

[6] Due to illness Movant's trial counsel, Jeffrey Hilliard, was physically unable to provide an Affidavit concerning his representation of Movant. (Government's Response, P. 3).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## C.     Ground 3

In Ground 3 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel committed several sentencing errors. (§ 2255 Motion, PP. 9-11).  The Court will address Movant's contentions in turn.

### 1.     Organizer/Leader Enhancement

In his first claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 47.     The Presentence Investigation Report, adopted by the district court, assessed [Movant] a four level enhancement for being an organizer or leader pursuant to U.S.S.G. § 3B1.1(a).  The sole basis for the application of this enhancement was [Movant's] alleged hiring of a prostitute, Jessica Richardson, in the summer of 1997 for a five day period to drive other prostitutes to prostitution calls.  A prostitute cannot be considered a participant for an aggravating role enhancement unless she aided in unlawful transportation of others.

(§ 2255 Motion, ¶ 47).

Movant raised this issue on appeal, and the Eighth Circuit denied the claim as follows:

> Derry also argues that the District Court erred in finding that he was a "leader" under the Sentencing Guidelines.  U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998).  Section 3B1.1(a) reads:  "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels."  Because Derry did not object at sentencing, the applicability of this Guideline is reviewed for plain error.  There is none.  The evidence supports the determination that all five defendants were part of a criminal activity involving interstate transportation for prostitution.  With regard to whether Derry was a leader, the evidence indicates his participation in the meeting concerning Julia Wilson's statement.  Moreover, he hired a driver, Jessica Richardson, to take Ms. Garcia on prostitution calls, thereby satisfying the requirement that he be "the organizer, leader, manager, or supervisor of one or more other participants."  *Id.*, cmt. n. 2; § 2G1.1, cmt. n. 3 ("For the purposes of § 3B1.1 (Aggravating Role), a victim, as defined in this guideline, is considered a participant only if that victim assisted in the promoting of prostitution or prohibited sexual conduct in respect to another victim."); *United States v. Jarrett*, 956 F.2d 864, 868 (8th Cir.1992) (holding, under earlier version of Guidelines, that § 2G1.1 prevents prostitutes from being considered "participants" under § 3B1.1 unless they assisted in unlawful transportation of others).  Even though Ms. Richardson worked in that capacity for

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

less than a week, the District Court did not commit plain error.

United States v. Evans, 272 F.3d at 1084-85.

Upon consideration of the foregoing the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Specifically, the evidence demonstrates that Movant hired a driver, Jessica Richardson, to transport a woman on prostitution calls[7], and further participated in a meeting concerning Julia Wilson's statement to the police implicating Movant and the other Defendants. Taken together, these facts suffice to support the imposition of an enhancement for Movant's role as a leader or organizer. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 3(1) of his § 2255 motion must be denied.

### 2. Consecutive Sentences

In his second claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 53. Similarly, trial counsel failed to object to the imposition of consecutive sentences for each of the Counts on which [Movant] was convicted. Although U.S.S.G. § 5G1.2(d) provides for consecutive sentences to achieve the total punishment in the event the count with the highest statutory maximum is less than the total punishment, consecutive sentences on the money laundering counts should have not been imposed since money laundering in this case affects the same societal harm as the prostitution counts. Furthermore, the current money laundering guidelines specifically provide that the money laundering sentence should be proportionate to the underlying offense. Finally, the manner of grouping and arriving at the total punishment was incorrectly calculated.

(§ 2255 Motion, ¶ 53).

Upon consideration, the Court finds that Movant's claim fails both prongs of the Strickland

___

[7] Movant does not dispute the Government's assertion that Ms. Richardson was not a prostitute, and thus clearly qualified as a participant rather than a victim. (Government's Response, P. 8).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

test.  With respect to the deficiency prong, as noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.  In the instant case, the Government notes that while Movant's trial counsel did not specifically object to the application of Section 5G1.2(d), counsel did address the issue at sentencing, requesting that the Court consider concurrent sentences in this matter.  (Government's Response, P. 9, citing Tr. Sent. at 7).  Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

Further, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice.  Section 5G1.2(d) provides as follows:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.  In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

In the instant case, as a result of Movant's offense level of 43 and criminal history category of VI, the available sentencing range was imprisonment for life.  The Court thus was required to run the statutory maximums on all counts consecutively, in order to achieve the intent of the guidelines.  Movant's trial counsel's objection, had he lodged one, would therefore necessarily have been overruled, and so Movant fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error.  Strickland, 466 U.S. at 694.  Ground 3(2) is denied.

## II.  Constitutionally Defective Sentence

In Ground 4 of his § 2255 Motion, Movant alleges that his sentence was constitutionally defective, as, "[t]he sentence imposed by the district court so exceeded the maximum penalty for any

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

one of the counts for which [Movant] was convicted that the sentence violated both the Eighth Amendment and the Fifth Amendment due process clause." (§ 2255 Motion, ¶ 58). As noted above, U.S.S.G. § 5G1.2(d) required the Court to run the sentences on the various counts consecutively. Ground 4 is denied.

## III. Constitutionally Defective Conviction

In Ground 5 of his § 2255 Motion, Movant alleges that his conviction was constitutionally defective, as, "[Movant's] conviction violated the Fifth Amendment requirement of due process as defined by *Apprendi v. New Jersey*, 530 U.S. 466 and its progeny because the indictment did not allege an essential element of the prostitution offenses for which [Movant] was convicted by the jury." (§ 2255 Motion, ¶ 60). Upon consideration, the Court notes that *Apprendi* claims may not be raised for the first time on collateral review. White v. United States, 308 F.3d 927, 930 (8th Cir. 2002). Ground 5 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 25th day of May, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

_/s/ Jean C. Hamilton_
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com